UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X  Case No.13-CV-03825-RJD-JO
MICHELLE ZAGAROLI and SIKANDAR SHAH
individually and on behalf of M.S. his minor child, on
behalf of themselves individually and all others
similarly situated,

                                Plaintiffs,        **CLASS ACTION COMPLAINT**

       -against-


KORSINSKY & KLEIN, LLP. and MICHAEL
KORSINSKY,

                                Defendants.
-------------------------------------------------------------------X

       Plaintiffs, by and through their attorneys, FAGENSON & PUGLISI, upon knowledge as to themselves and their own acts, and as to all other matters upon information and belief, bring this complaint against above-named defendants and in support thereof allege the following:

## INTRODUCTION

       1.    That this is an action for damages brought by individual consumers against defendants for defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

       2.    That, further, this is an action for damages and injunctive relief brought by individual consumers against defendants pursuant to New York General Business Law ("NYGBL") § 349 regarding defendants' deceptive acts and practices.

1

## JURISDICTION AND VENUE

3. That this Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. That this Court has venue pursuant to 28 U.S.C. § 1391(b), in that plaintiffs reside in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. That plaintiffs are natural persons who reside in this District.

6. That plaintiffs are consumers as defined by 15 U.S.C. § 1692a(3) in that the debts which defendants sought to collect from plaintiffs were originally incurred, if at all, for personal, family or household purposes to Maimonides Medical Center and are therefore consumer debts within the meaning of 15 U.S.C. § 1692a(5).

7. That plaintiffs are reasonable consumers who acted reasonably under the circumstances alleged herein.

8. That Korsinsky & Klein, LLP. is a limited liability law partnership with a place of business in New York, New York.

9. That Korsinsky & Klein is a debt collector as defined by 15 U.S.C. § 1692a(6).

10. That Korsinsky & Klein uses the mail and the telephone to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11. That the principal purpose of Korsinsky & Klein is to collect such defaulted consumer debts.

12. That Korsinsky & Klein regularly collects or attempts to collect such defaulted consumer debts.

13. That, upon information and belief, Michael Korsinsky is a partner at Korsinsky & Klein.

14. That Michael Korsinsky is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6).

15. That Michael Korsinsky uses the mail and the telephone to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

16. That the principal purpose of Michael Korsinsky is to collect such defaulted consumer debts.

17. That Michael Korsinsky regularly collects or attempts to collect such defaulted consumer debts.

18. That the collection letters defendants caused to be sent to plaintiffs contain the rubber-stamped signature of Michael Korsinsky.

19. That both defendants shall hereinafter be referred to as "defendant".

## FACTUAL ALLEGATIONS PERTAINING TO MICHELLE ZAGAROLI

20. That plaintiffs re-allege paragraphs 1-19 as if fully re-stated herein.

21. That plaintiff Zagaroli is alleged to owe a medical debt incurred for personal purposes Maimonides Medical Center ("Medical Center").

22. That at some subsequent point in time the debt is alleged to have fallen into default.

23. That by letter dated July 9, 2012 defendant wrote to plaintiff in an attempt to collect the debt.

24. That a copy of said letter dated July 9, 2012 (redacted) is attached as Exhibit 1.

25. That defendant sent no other letter to plaintiff within five days after defendant caused Exhibit 1 to be sent to plaintiff.

## FACTUAL ALLEGATIONS PERTAINING TO SIKANDAR SHAH

26. That plaintiffs re-allege paragraphs 1-25 as if fully re-stated herein.

27. That M.S. was born at the Medical Center.

28. That M.S. was born in 2010.

29. That by letter dated July 9, 2012 defendant wrote a collection letter to M.S. in an attempt to collect a defaulted Medical Center debt.

30. That defendant addressed its letter to M.S.

31. That defendant alleged in its letter that M.S. owes a debt to the Medical Center.

32. That, on information and belief, the debt defendant alleged is owed by M.S. pertains to medical services purportedly received regarding her birth.

33. That Sikandar Shah is the father of M.S.

34. That Sikandar Shah received defendant's letter.

35. That a copy of said letter dated July 9, 2012 (redacted) is attached as Exhibit 2.

36. That defendant sent no other letter to plaintiff within five days after defendant caused Exhibit 2 to be sent to plaintiff.

*ALLEGATIONS PERTAINING TO BOTH PLAINTIFFS*

AS AND FOR A FIRST CAUSE OF ACTION

FDCPA, §§ 1692e, 1692e(3) and 1692e(10)

Improper representation that the letters are from an attorney

37. That plaintiffs re-allege paragraphs 1-36 as if fully re-stated herein.

38. That Exhibits 1 and 2 deceptively represent that they are from an attorney.

39. That Exhibits 1 and 2 are written on law firm letterhead and are both stated to be sent under the hand of "Michael Korsinsky, Esq."

40. That Exhibits 1 and 2 state, in pertinent part:

"This account has been referred to our law firm for collection...Prior efforts to obtain voluntary payment from you have not been successful...We trust that you will avail yourself of this opportunity to dispose of this claim amicably."

41. That upon reading Exhibits 1 and 2 a reasonable consumer would believe that Michael Korsinsky had personally reviewed the debtor files and gained an understanding about the specific debts defendant sought to collect.

42. That, however, Michael Korsinsky had not in fact personally reviewed the debtor files and gained an understanding about the two specific debts he sought to collect before defendant caused Exhibits 1 and 2 to be mailed.

43. That Michael Korsinsky's signature on Exhibits 1 and 2 is rubber-stamped.

44. That Michael Korsinsky's signature on Exhibits 1 and 2 is computer generated.

45. That Michael Korsinsky did not review either Exhibit 1 or 2 before defendant caused them to be mailed to plaintiffs.

46. That Exhibits 1 and 2 are not truly from an attorney acting as an attorney but are simply from an attorney acting as a debt collector.

47. That Exhibits 1 and 2 do not contain a disclaimer informing the least sophisticated consumer that no attorney at the firm had reviewed the particular circumstances of her account.

48. That, in that defendant represented that Exhibits 1 and 2 are from an attorney when they truly are not, defendant's conduct constitutes the false representation or implication that the letters are from an attorney, in violation of the FDCPA, § 1692e(3).

49. That defendant's said conduct also constitutes a false, deceptive and misleading representation used in connection with the collection of a debt, in violation of the FDCPA, §§ 1692e and 1692e(10).

*ALLEGATIONS PERTAINING TO SIKANDAR SHAH*

AS AND FOR A SECOND CAUSE OF ACTION

FDCPA, §§1692e, 1692e(2)(A) and 1692e(10)

Improper representation that M.S. owes a debt

50. That plaintiffs re-allege paragraphs 1-49 as if fully re-stated herein.

51. That defendant improperly represented in Exhibit 2 that M.S. owes a debt to the Medical Center.

52. That M.S. is a minor.

53. That M.S., being a minor, is legally incapable of owing any debt to the Medical Center.

54. That the purported debt to the Medical Center cannot legally be collected from M.S.

55. That defendant has improperly placed on M.S.'s financial history that she owed a debt to the Medical Center.

56. That defendant's representation that M.S. owes a debt constitutes the false representation of the character and legal status of a debt, in violation of the FDCPA, § 1692e(2)(A).

57. That defendant's representation that M.S. owes a debt constitutes a false, deceptive and misleading representation used in connection with the collection of a debt, in violation of the FDCPA, §§ 1692e and 1692e(10).

*ALLEGATIONS PERTAINING TO BOTH PLAINTIFFS*

AS AND FOR A THIRD CAUSE OF ACTION

NYGBL §349

58. That plaintiffs re-allege paragraphs 1 to 57 as if fully re-stated herein.

59. That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

60. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons. On information and belief, defendant contacts thousands of consumers within New York State each year by mail.

61. That Exhibits 1 and 2 which defendant caused to be mailed to plaintiffs are typical of the letters defendant causes to be mailed to consumers within New York State.

62. That Exhibits 1 and 2 are form collection letters.

63. That, further, defendant has a pattern of causing collection letters to be mailed to thousands of consumers within New York State each year which falsely represent that they are from an attorney and which fail to disclose that no attorney at defendant's firm had reviewed the particular circumstances of the account.

64. That plaintiffs are reasonable consumers within the meaning of the NYGBL.

65. That plaintiffs believed, erroneously, that the letters were truly from an attorney upon receiving Exhibits 1 and 2.

66. That defendant violated NYGBL § 349(a) and is liable to plaintiffs under NYGBL § 349(h).

## CLASS ALLEGATIONS

67. That plaintiffs re-allege paragraphs 1-66 as if fully re-stated herein.

68. That this action is brought on behalf of plaintiffs and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letters sent to plaintiffs dated July 9, 2012 (Exhibits 1 and 2); (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10). The class does not include defendant or persons who are partners, associates, officers, directors or employees of defendant.

69. That the class shall be defined as follows:

*All natural persons residing within the State of New York to whom defendant sent a collection letter concerning a consumer debt on behalf of Maimonides Medical Center, which letter fails to include a statement that no attorney at the firm had personally reviewed the particular circumstances of the debtor's account.*

70. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by falsely representing that its letters are from an attorney and failing to disclose that no attorney at defendant's firm had reviewed the particular circumstances of the debtor's account, in violation of the FDCPA, §§ 1692e, 1692e(3) and 1692e(10).

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiffs will fairly and adequately represent the class members' interests. Plaintiffs have retained experienced counsel. Plaintiffs' interests are consistent with those of the members of the class.

71. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

72. That if the facts are discovered to be appropriate, plaintiffs will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

73. That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

74. That as a result of the above violations, defendant is liable to plaintiffs and the members of the class for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiffs respectfully pray that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(c) actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(d) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(e) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(f) enjoining defendant from further improper contact with plaintiffs pursuant to NYGBL § 349;

(g) statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h) actual damages pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

(i) reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(j)     for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiffs request trial by jury on all issues so triable.

Dated: New York, New York
       July 30, 2013.

/s/ Novlette R. Kidd
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com

# EXHIBIT 1

ATTORNEYS AT LAW
30 BROAD STREET, 24TH FLOOR
NEW YORK, NEW YORK 10004

TEL: (212) 363-7800

July 9, 2012

MICHELLE ANN ZAGAROLI

Brooklyn NY

Re:

| | |
|---|---|
| **Creditor:** Maimonides Medical Center | **Debtor(s):** Michelle Ann Zagaroli |
| **Patient Account No.** ███883 | **Patient:** Michelle Ann Zagaroli |
| **Balance Due:** $███ | **File No.** ███3442 |

Dear Michelle Ann Zagaroli:

Our office represents Maimonides Medical Center where Michelle Ann Zagaroli received services. This account has been referred to our law firm for collection.

Our client has advised us that the outstanding debt due and owing to it is $███. This balance may represent your insurance deductible, or a claim that your insurance carrier denied. Prior efforts to obtain voluntary payment from you have not been successful.

In this regard, unless you notify this office within thirty (30) days from receiving this notice that you dispute the validity of the debt or any portion thereof, our office will assume that the debt is valid. Our office can mail you verification of the debt if you notify our office in writing within thirty (30) days from receiving this notice. If you request this verification, our office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Kindly forward any and all remittances to our firm. You can mail a check payable to the law firm of **Korsinsky & Klein LLP, 30 Broad Street, 24th Floor New York, NY 10004-2304**. If you would like to make payment by credit or debit card please visit www.kkpayments.com, or fill out and return the form below, or contact us at (212) 363-7800. If you cannot pay the full amount in one payment, we may arrange for a mutually satisfactory payment arrangement. We trust that you will avail yourself of this opportunity to dispose of this claim amicably.

If you have any further questions please feel free to contact us at (212) 363-7800 or by email at sol@kklawfirm.com.

Very truly yours,
KORSINSKY & KLEIN LLP

By: _____
Michael Korsinsky, Esq.

2902-CLKLEN10-ALTR10-1/06/10

*** Please detach the lower portion and return with your payment ***

Y120526CE6

LAW OFFICES OF KORSINSKY & KLEIN, L.L.P.
30 Broad Street, 24th Floor
New York NY 10004-2304
FORWARDING SERVICE REQUESTED

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW.

MasterCard   VISA   DISCOVER   AMERICAN EXPRESS

| CARD NUMBER | EXP. DATE |
| CARD HOLDER NAME | CVV |
| SIGNATURE | AMOUNT PAID |

File No.  ███3442
Balance Due:  $███

0008220024006255578611223254648-YF1-Y120526CE6 2902

ALTR10 - 2902
MICHELLE ANN ZAGAROLI

Brooklyn NY



Korsinsky & Klein LLP
30 Broad Street, 24th Floor
New York NY 10004-2304



# EXHIBIT 2

# KORSINSKY & KLEIN, LLP

ATTORNEYS AT LAW
30 BROAD STREET, 24TH FLOOR
NEW YORK, NEW YORK 10004

TEL: (212) 363-7800

July 9, 2012

M■■■ S■■
Brooklyn NY ■■■

Re:

**Creditor:** Maimonides Medical Center  **Debtor(s):** M■■■ S■■
**Patient Account No.** ■■■519  **Patient:** M■■■ S■■
**Balance Due:** $■■■  **File No.** ■■■6813

Dear M■■■ S■■

Our office represents Maimonides Medical Center where M■■■ S■■ received services. This account has been referred to our law firm for collection.

Our client has advised us that the outstanding debt due and owing to it is $■■■. This balance may represent your insurance deductible, or a claim that your insurance carrier denied. Prior efforts to obtain voluntary payment from you have not been successful.

In this regard, unless you notify this office within thirty (30) days from receiving this notice that you dispute the validity of the debt or any portion thereof, our office will assume that the debt is valid. Our office can mail you verification of the debt if you notify our office in writing within thirty (30) days from receiving this notice. If you request this verification, our office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Kindly forward any and all remittances to our firm. You can mail a check payable to the law firm of **Korsinsky & Klein LLP, 30 Broad Street, 24th Floor New York, NY 10004-2304**. If you would like to make payment by credit or debit card please visit **www.kkpayments.com**, or fill out and return the form below, or contact us at (212) 363-7800. If you cannot pay the full amount in one payment, we may arrange for a mutually satisfactory payment arrangement. We trust that you will avail yourself of this opportunity to dispose of this claim amicably.

If you have any further questions please feel free to contact us at (212) 363-7800 or by email at sol@kklawfirm.com.

Very truly yours,
KORSINSKY & KLEIN LLP

By: _____
Michael Korsinsky, Esq.

1868-CLKLEN10-ALTR10-1/06/10

*** Please detach the lower portion and return with your payment ***

Y12050D767

LAW OFFICES OF KORSINSKY & KLEIN, L.L.P.
30 Broad Street, 24th Floor
New York NY 10004-2304
FORWARDING SERVICE REQUESTED

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW.

MasterCard   VISA   DISCOVER   AMERICAN EXPRESS

| CARD NUMBER | EXP. DATE |
| CARD HOLDER NAME | CVV |
| SIGNATURE | AMOUNT PAID |

File No.  ■■■6813
Balance Due:  $■■■

0008220024006254975211214692805-YF1-Y12050D767 1868

ALTR10 - 1868
M■■■ S■■
Brooklyn NY ■■■

Korsinsky & Klein LLP
30 Broad Street, 24th Floor
New York NY 10004-2304